900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie E. CLAYTON, Defendant-Appellant.
 No. 89-5152.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 8, 1989.
Decided: March 29, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, District Judge. (CR-88-40-B).
 John W. Stokes, Jr., Lawrenceville, Ga., for appellant.
 Thomas J. Ashcraft, United States Attorney, Max O. Cogburn, Jr., Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Ronnie Clayton appeals from his conviction for making a destructive device in violation of 26 U.S.C. Secs. 5861(f) and 5871 and for transporting the device in interstate commerce in violation of 26 U.S.C. Secs. 5861(j) and 5871. Clayton argues that his conviction should be reversed because the district court erroneously admitted evidence of a prior bad act, and because the jury's failure to view certain exhibits during its deliberations resulted in a verdict based on insufficient evidence. Our careful review of the record leads us to conclude that neither claim has merit. We thus affirm the conviction.
 
 I.
 
 2
 In 1987, Ronnie Clayton's girlfriend, Kim O'Dell, began seeing another man, Inman Born. Clayton subsequently threatened Born on numerous occasions. On July 3, 1987, Clayton and an acquaintance, Gordon Amolotte, set fire to a nightclub that O'Dell and Born frequented in order to prevent the couple from going there. O'Dell returned to Clayton but eventually began seeing Born again. Clayton and Amolotte subsequently began to build a bomb to detonate in Born's house. Before the plot was realized, Amolotte confessed to the FBI. Clayton was arrested while assisting in the bomb plot. He was indicted on numerous counts and convicted of making a destructive device and transporting it in interstate commerce. 26 U.S.C. Secs. 5861(f) & (j), 26 U.S.C. Sec. 5871.
 
 II.
 
 3
 At trial, the district court admitted evidence of Clayton's participation in the July 3, 1987, fire of the nightclub frequented by O'Dell and Born. Clayton argues that this evidence of a prior bad act was inadmissible under Fed.R.Evid. 404(b).
 
 
 4
 We disagree. Rule 404(b) allows admission of bad act evidence for the purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Clayton perpetrated the acts of July 1987 with the same co-conspirator against the same individuals for the same reason as the crime committed here. The prior act thus provides evidence of a similar intent, motive, and plan under virtually identical circumstances. In addition, in admitting the bad act evidence, the district court balanced its probative value against the danger of unfair prejudice to defendant under Rule 403. We must defer to the trial court's discretionary Rule 403 ruling, which was neither arbitrary nor irrational. See, e.g., United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). Finally, the trial court carefully instructed the jury that it should only consider the bad act evidence on the question of intent or plan and not as proof of the bomb plot.
 
 III.
 
 5
 Clayton also contends that the jury lacked sufficient evidence to reach its verdict because it failed during its deliberations to view exhibits admitted into evidence during trial. Defendant cites no authority, and we can find none, that requires a jury to view every exhibit during deliberations. The exhibits were duly admitted into evidence during trial in the presence of the jury, and the judge explicitly informed the jury that it could view the exhibits if it so desired. That the jury reached its verdict without further review of exhibits properly in evidence does not constitute error.
 
 IV.
 For the foregoing reasons, the judgment is
 
 6
 AFFIRMED.